IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2016 JAN 13 PM 3:39

CLERK
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 4:07-cr-00170-1 |
| ) | |
| Marlon R. Harrison, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## O R D E R

Before the Court is Defendant's Motion for Court to Grant Credit for Time Served.

Defendant was sentenced by this Court on November 30, 2007, to a 262-month custodial term that was ordered to run consecutively to the state term of imprisonment Defendant was already serving. According to Bureau of Prisons (BOP) sentence computation records, Defendant was released from his state sentence on May 14, 2009, at which time he began service of his federal sentence. His projected release date from federal custody is June 21, 2028.

Defendant asserts in his motion that he was wrongfully denied credit towards his federal sentence for the time he was in custody from June 2007 until his November 30, 2007, sentencing. Defendant suggests that because he was awaiting disposition of his federal charges during that time period, such time period should be credited toward his federal sentence. Records confirm that Defendant was in federal custody by virtue of a writ for several months preceding his November 30, 2007, sentencing date; however, said period of custody began on July 12, 2007, not in June 2007.

Marlon R. Harrison
Order on Motion
Page 2

In some cases, a defendant may receive credit for time spent in custody prior to the imposition of a federal sentence. However, 18 U.S.C. § 3585(b) prohibits a defendant from receiving credit against his federal sentence for time spent in custody where that time was also credited against another sentence. "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . <u>that has not been credited against another sentence</u>" 18 U.S.C. § 3585(b) (emphasis added).

In this case, the time Defendant spent in federal custody on a writ was credited against a sentence imposed by the Chatham County Superior Court based on the revocation of Defendant's state parole term. Therefore, crediting Defendant with the time he spent in federal custody, which has already been credited against his state sentence, would run contrary to the express statutory language of § 3585(b).[1]

For this reason, Defendant's motion must be **DENIED**.

SO ORDERED this 13th day of January 2016.

WILLIAM T. MOORE, JR.
JUDGE, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Moreover, this Court cannot order the BOP to award Defendant the credit he seeks. The BOP, not the Court, ultimately determines how a defendant's sentence is computed and what jail time credit he receives. See <u>United States v. Wilson</u>, 503 U.S. 329, 331-34 (1992) (holding that BOP determines credit issues, not district courts); <u>United States v. Pineyro</u>, 112 F.3d 43, 45 (2d Cir. 1997) (recognizing federal courts lack authority under § 3585 to order BOP to award credit).